# WITTER vs. DUDLEY.

[REAL ACTION IN NATURE OF EJECTMENT.]

1. *Character and duration of trustee's estate under decree in chancery.*—Under a decree in a chancery suit, making partition of the estate of the complainant's deceased father among the distributees; settling the portion of the complainant, who was then a married woman, on a trustee, for her sole and separate use during life, with remainder to her children living at her death; appointing a trustee for her, and requiring that he "shall give bond, with surety, conditioned that he will account and pay over to the said Mary", [complainant,] "and to no one else, all such sums of money as he may

receive as trustee as aforesaid, (such bond to be in double the value of the personal estate, and double the annual income of the real estate,) and that he will faithfully perform the duties of a trustee, and will abide and perform such order and decree as the court may make touching the said trust estate",—the legal title is vested in the trustee until the termination of the life-estate, and is not devolved upon the *cestui que trust* by the death of the trustee before that time.

APPEAL from the Circuit Court of Lowndes.
Tried before the Hon. NAT. COOK.

THIS action was brought by Mrs. Mary D. Lamkin, against John Dudley, "to recover the following tract of land: the west half of the north-west quarter of section 29, the south-west quarter of section 20, the south-east quarter of section 19, the north-east quarter of section 29, and the south-east quarter of section 20; all in township 15, range 14, in the county of Lowndes." The plaintiff having married one Francis R. Witter, pending the suit, her marriage was suggested on the record, (Code, § 2150,) and the suit proceeded in her name acquired by the marriage. The plaintiff was the daughter of one Francis Lewis, deceased, to whom the lands in controversy belonged at the time of his death; and claimed said lands under a decree in chancery, rendered in December, 1843, which is hereinafter more particularly described; while the defendant derived title under a conveyance from one Hamlin F. Lewis, executed in 1852, and was in possession at the commencement of the suit, in February, 1858.

The plaintiff offered in evidence on the trial a transcript of the chancery suit, which is made an exhibit to the bill of exceptions, and which shows the following proceedings: The bill was filed in the chancery court of Lowndes, on the 15th December, 1842, by Mrs. Mary D. Lamkin, then the wife of John B. Lamkin, against her said husband, and the heirs-at-law and distributees of her deceased father, Francis Lewis; and sought—1st, to set aside a voluntary division of the estate, which had been made by the parties interested while the complainant was

an infant; 2d, to enjoin her husband from the further prosecution of proceedings in the probate court to obtain her distributive share of the estate; 3d, to have a partition and division of the estate made by commissioners under the order of the chancellor; and, 4th, to have the complainant's portion of the estate settled on a trustee, to be appointed by the court, for her sole and separate use during her life, and at her death to her children. At the December term, 1842, after all the defendants had filed answers, admitting the material allegations of the bill, the chancellor (Crenshaw) rendered a decree, enjoining the proceedings in the probate court, setting aside the voluntary division of the estate, appointing commissioners to make partition anew, and ordering that "the portion of said estate to be allotted to the said Mary D. Lamkin be settled on trustees, to be appointed by the master, for the sole and separate use and benefit of the complainant during her life, and at her death to her heirs." At the December term, 1843, the commissioners made their report, and the master reported his appointment of Hamlin F. Lewis as trustee for the complainant; and the chancellor thereupon rendered a final decree, confirming the reports, and making partition of the estate. The only part of this decree which it is necessary to notice, relates to Mrs. Lamkin's share of the property, and is in the following words:

"It is further ordered and decreed, that the following slaves", (specifying them by name,) "and the following lands", (to-wit, the lands in controversy in this suit,) "be vested in Mary D. Lamkin, wife of John B. Lamkin, and daughter of the said Francis Lewis, deceased. And it is hereby further ordered and decreed, that the portion so vested in the said Mary D. Lamkin be vested and held by her, to and for her sole and separate use, for and during the term of her natural life, not subject to the debts, contracts, or forfeitures of the said John B. Lamkin; and after the death of the said Mary D. Lamkin, the said portion of lands and the slaves, with their future increase, to be equally divided among such child or children as the said Mary D. Lamkin may leave living, share and share

alike,—the child of any deceased child to take among
them the share which their ancestor would have taken,
had such ancestor been alive at the death of the said Mary
D. Lamkin; and upon the death of the said Mary D.
Lamkin without leaving such child or children, or their
issue, alive as above, then such portion of the said Mary
D. Lamkin to vest in the said John B. Lamkin, her hus-
band, but not otherwise. It is further ordered and decreed,
that Hamlin F. Lewis be, and he is hereby, appointed
trustee for the said Mary D. Lamkin; that he shall give
bond, with good security, to the register of this court,
conditioned that he will account and pay over to the said
Mary D. Lamkin, and to no one else, all such sums of
money as he may receive as trustee as aforesaid, (such
bond to be in double the value of the personal estate, and
double the annual income of the real estate,) and that he
will account annually to this court, and that he will faith-
fully perform the duties of a trustee, and that he will
perform and abide such order and decree as the court may
make touching the said trust estate."

"It was admitted," the bill of exceptions states, "that
no deeds of settlement were ever executed by the said
John B. Lamkin and his wife, or either of them, as con-
templated by the decree in said chancery suit; also, that
Hamlin F. Lewis never executed any bond, or other obli-
gation, for the discharge of his duties as trustee under
said chancery decree; also, that said John B. Lamkin
removed to Mississippi, in 1848–9, carrying with him the
plaintiff and the slaves allotted to her under said chan-
cery decree, and there died, in 1856; also, that Hamlin F.
Lewis left this State in 1858, and died in Texas during
that year."

"The court charged the jury, that under the decree
and proceedings in chancery, and the evidence in the
case, the legal title to the lands sued for was in Hamlin
F. Lewis, and that the plaintiff could not maintain this
action in her own name; to which charge the plaintiff
excepted, and thereupon took a nonsuit"; and she now
assigns as error the charge of the court, and moves to set
aside the nonsuit.

THOS. WILLIAMS, for appellant.

BAINE & NE SMITH, *contra.*

A. J. WALKER, C. J.—The decree of Chancellor Crenshaw first creates a separate estate for life in the appellant, then appoints a trustee for her, and requires that he shall give bond, with surety, conditioned to account and pay over to her, and to no one else, all *such* sums of money as he may receive as trustee, and that he will account annually with the court, and faithfully perform the duties of trustee, and abide by and perform such order as the court may take touching the *trust estate.* The decree farther requires, that the penalty of the bond should be double the value of the personal estate, and double the value of the income of the real estate. In considering whether this decree vested the legal estate in the trustee, it is proper to observe, at the outset, that the appellant was, at the date of the decree, a married woman.

Where by any instrument a separate estate is given to a *feme covert*, and a trustee is appointed, an established rule of construction requires the courts to strive to so construe it as to exclude the husband from the reception of the legal title, and to vest it in the trustee.—Ware v. Richardson, 3 Md. R. 505, 549; Hill on Trusts, 232, 407; Harton v. Harton, 7 Term, 652; Williman v. Holmes, 4 Rich. Eq. 480; McNish v. Guerard, 4 Strob. 75. It is also an established principle, that the trustee takes the legal title, whenever it is necessary to enable him to discharge the duties imposed upon him; and such necessity exists, when a trustee is required to take and pay over the rents and profits to the *cestui que trust.*—Hill on Trusts, 232, 233, 234; Ware v. Richardson, *supra;* Brewster v. Striker, 2 Comst. 30–37; Morton v. Barrett, 22 Maine, 263; Porter v. Doby, 2 Rich. Eq. 49–53; McNish v. Guerard, 4 Strob. 74; Bass v. Scott, 2 Leigh, 359; Franciscus v. Reigart, 4 Watts, 109. Guided by these rules of construction, we conclude, that the decree of the chancellor, by requiring a bond, conditioned that the trustee shall account for and pay over whatever he may receive as trustee,

and shall account annually with the court, and by characterizing the estate, in the last part of the prescribed condition of the bond, as a trust estate, indicates a clear design to impose upon the trustee the duty of receiving and paying over the income of the estate; and that, having this duty imposed upon him, he takes the legal title.

A trust terminates, whenever its purposes have been accomplished. The language which creates the trust in this case, indicates a design to make its duration co-extensive with the life-estate. The trustee is appointed trustee for Mrs. Lamkin. We are not authorized to add a new limitation, by making him trustee for Mrs. Lamkin during coverture. The purposes of the trust will not be accomplished, until the life-estate terminates.—Peake v. Yeldell, 17 Ala. 636; Comby v. McMichael, 19 ib. 751; Gunn v. Barrow, 17 ib. 747; Powell v. Glenn, 21 ib. 468; Hill on Trusts, 239. The death of the trustee does not invest the cestui que trust with the legal title.—Colburn v. Broughton, 9 Ala. 364.

The judgment of the court below is affirmed.